N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-444-FL

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ARARAT IMPORT & EXPORT CO., | ) | |
| LLC and HEATHER EBERHARDT, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss for failure to state a claim and motion for judgment on the pleadings. (DE 15). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, the court grants defendants' motion to dismiss.

**STATEMENT OF THE CASE**

On September 12, 2018, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("plaintiff"), initiated this action by filing complaint alleging defendants have repeatedly and willfully violation the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), based on defendants alleged failure to pay the applicable minimum hourly rate to their employees ("minimum wage claim") and for failure to properly maintain employee records ("record-keeping claim"). In an appendix to his complaint, plaintiff lists the names of six employees of defendants allegedly due an award of back wages and liquidated damages. (See Compl. (DE 3) at 4; DE 2).

On November 20, 2018, defendants filed the instant motion to dismiss for failure to state a

claim and motion for judgment on the pleadings, attaching in support "statute of limitations tolling agreement," ("tolling agreement"), entered into by the parties effective December 21, 2017. The tolling agreement provides for a tolling period of the applicable statute of limitations from the effective date up to and including April 16, 2018. (DE 15-1). Defendants argue the court should dismiss plaintiff's complaint for failing to state a claim upon which relief can be granted under the applicable pleading standards and, in the alternative, the court should dismiss claims predating September 12, 2016, as barred by the applicable statute of limitations. On December 7, 2018, plaintiff filed its response in opposition to which no reply was made.

## STATEMENT OF THE FACTS

The facts alleged in complaint may be summarized as follows.

A.  Alleged FLSA Violations

Defendant Ararat Import and Export Company, LLC ("Ararat"), engaged in the import and export of international wine and beer, does business in Raleigh, North Carolina. Defendant Heather Eberhart ("Eberhardt") is part-owner of defendant Ararat. Eberhardt is involved in the day-to-day operations, including making decisions regarding employees' pay. Plaintiff alleges defendant Eberhardt is an employer, and defendants constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

> Plaintiff further alleges as follows:
>
> Since July 18, 2015, Defendants repeatedly and willfully violated the [FLSA], by failing to pay employees, including employees classified as drivers and helpers, who are employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.
>
> Since July 18, 2015, Defendants, an employer subject to the provisions of the Act, repeatedly and willfully violated the [FLSA and associated regulations] by failing to make, keep and preserve adequate and accurate records of the persons employed

2

as drivers and helpers and of the wages, hours and other conditions and practices of employment maintained by Defendant, as prescribed in the aforesaid Regulations.

(Compl. (DE 3) at 3).

B.  Tolling Agreement

Plaintiff alleges that the parties entered into a tolling agreement whereby the parties agreed that the applicable statute of limitations would be tolled in this matter beginning on the date the tolling agreement was signed and that the "tolling agreement was signed by both parties on January 19, 2018 and January 23, 2018." (Compl. (DE 3) at 3). The effective date for the tolling agreement is December 21, 2017. The tolling agreement expired on April 16, 2018.

As applicable here, the tolling agreement provides as follows:

> Upon expiration of the Tolling Period for any reason, the Parties agree that prior to the Secretary instituting any legal proceeding against the Employer arising from the Claims, the Secretary will provide the Employer with 30 days' written notice of the Secretary's intent to institute such proceedings.

(DE 15-1 at 3).[1]

## DISCUSSION

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as

---

[1] The court is permitted to consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

FLSA requires that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . not less than— . . . $7.25 an hour." 29 U.S.C. § 206(a)(1)(c). It also requires employers to keep records of the "wages, hours, and other conditions and practices of employment" of their employees. Id. § 211(c).

Plaintiff argues that in this case, plaintiff has "filed his standard complaint for suits brought under the FLSA," that plaintiff "employs such standard, similarly-worded complaints in FLSA matters to maintain consistency throughout the country," and the United States Court of Appeals for the Fourth Circuit has directly addressed the issue presently before the court in Chao v. Rivendell Woods, Inc., 415 F.3d 342, 344 (4th Cir. 2005), holding plaintiff Secretary of Labor's complaint stated a record-keeping claim and a claim for failure to pay appropriate overtime ("overtime claim") under FLSA. (DE 18 at 4-5); see also Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 823–24 (4th Cir. 1973) (holding in part plaintiff Secretary of Labor's complaint stated minimum wage, overtime, and record-keeping claims under FLSA).

The Fourth Circuit's decisions in Rivendell Woods and Virginia Baptist Hospital issued prior to the Supreme Court's decisions in Iqbal and Twombly. Following Iqbal and Twombly, the Fourth Circuit has addressed pleading standards sufficient to state a claim under FLSA once, in the context of an overtime claim, noting in relevant part that "[c]ourts are divided as to the level of detail an

4

FLSA overtime claimant must provide to overcome a Rule 12(b)(6) motion to dismiss," holding in relevant part as follows:

> Reviewing these decisions [of other circuits], we are persuaded to adopt the latter [more lenient] approach. Thus, to make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours. Under this standard, plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay.
>
> At the same time, however, we emphasize that the standard we today adopt does not require plaintiffs to identify a particular week in which they worked uncompensated overtime hours . . . . Thus, to state a plausible FLSA overtime claim, plaintiffs "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Nakahata v. N.Y.–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013). A plaintiff may meet this initial standard "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." Landers [v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014)] (emphasis added) (citing Pruell [v. Caritas Christi, 678 F.3d 10, 14 (1st Cir. 2012)])); see also Davis [v. Abington Mem. Hosp., 765 F.3d 236, 243 (3d Cir. 2014)] (explaining that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice" (emphasis in original)).

Hall v. DIRECTV, LLC, 846 F.3d 757, 776-77 (4th Cir. 2017); see also Hirst v. Skywest, Inc., 910 F.3d 961, 966 (7th Cir. 2018) ("The same principles for pleading overtime pay violations apply to minimum wage violations. In order to comply with the requirements of Twombly, Iqbal, and FED. R. CIV. P. 8(a)(2), a plaintiff alleging a federal minimum wage violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid.").

Here, the only factual enhancements provided by plaintiff in complaint, in addition to the

names of six employees, are as follows: 1) defendants are "engaged in the import and export of international wine and beer" in Raleigh, North Carolina; 2) since July 18, 2015, defendants "repeatedly and willfully" failed to pay employees, "including employees classified as drivers and helpers, . . . the applicable minimum hourly rate"; and 3) since July 18, 2015, defendants have failed to properly maintain employee records. (Compl. (DE 3) at 2-3).

Under the Fourth Circuit's direction in Hall, these allegations are insufficient to survive a motion to dismiss where plaintiff has done no more "than merely allege" that at some point during roughly the last four years employees of defendants did not receive the applicable minimum hourly rate and defendants did not properly maintain records. 846 F.3d at 777. Modifying the Fourth Circuit's above direction for a minimum wage claim context, plaintiff states nothing about the length and frequency of their underpaid work to support a reasonable inference that the employees did not receive the applicable minimum hourly rate nor does plaintiff estimate the amount employees were underpaid or the amount of wages plaintiff believes employees are owed nor offer any other facts that will permit the court to find plausibility. Id.

Also, what is alleged here is significantly less than what the Fourth Circuit found to be sufficient in Hall:

> In this case, in addition to their common allegations regarding the nature and structure of the DIRECTV Provider Network, Plaintiffs each describe in some detail their regular work schedules, rates of pay, and uncompensated work time. Specifically, each Plaintiff provides an approximation of his general workweek, with each Plaintiff alleging that he typically worked in excess (and, in some cases, well in excess) of forty hours per week. Supplementing these initial allegations, each Plaintiff further estimates the number of hours he worked in any given week, including a breakdown of the number of compensable and noncompensable hours he typically worked, as well as his average weekly pay and the amount by which this weekly compensation was typically reduced through DIRECTV-imposed penalties and unreimbursed business expenses.

6

Id. at 778; see also Spencer v. Macado's, Inc., No. 6:18-CV-00005, 2018 WL 3676990, at *4 n.5 (W.D. Va. Aug. 1, 2018) (citing Rivendell Woods) (noting "[a]dmittedly, the Fourth Circuit has previously approved of a complaint that did not 'specify the names of the aggrieved employees, their wages, the weeks in which the employees were entitled to overtime pay, or the particular records that the hospital had failed to maintain,'" but holding "this discussion occurred in a pre-Twombly and Iqbal universe, and so this Court applies the Fourth Circuit's more recent discussion of pleading requirements in Hall.").

Neither party addresses the Fourth Circuit's holding in Hall. However, plaintiff argues that the present situation "is not the situation contemplated in Twombly where the defendant "seeking to respond to plaintiffs' [complaint] would have little idea where to begin,'" inviting the court to look beyond the four corners of the complaint. (DE 18 at 7 (citing Twombly, 550 U.S. at 565 n.10)). Plaintiff argues defendants have in their possession the employment records and other information they were required to review to ensure compliance with FLSA and defendants had "fair notice" of plaintiff's allegations, as all such defendants do "as a matter of course," where plaintiff "conducted a closing conference with each employer to explain the violations found." (Id. at 7-8; id. at 8 ("Thus, during the investigatory phase of this case, the Defendants were informed about the specific amount of back wages due each employee, the precise time periods involved, and the reason that the back wages were due.)).

There are many instances where a given defendant may have superior knowledge to a given plaintiff regarding the details of plaintiff's claims as well as a full awareness of the allegations a plaintiff may bring before a court. However, such knowledge and awareness does not allow a plaintiff, as done here, to provide "bare assertions devoid of further factual enhancement." Nemet

Chevrolet, Ltd., 591 F.3d at 255 (citations omitted). Additionally, as admitted by plaintiff, plaintiff is aware and has access to extensive further factual enhancement which has been provided to defendants during the investigatory phase of this complaint. Plaintiff complains that "[d]espite the fact that this circuit has already held that the Secretary's standard complaint, which is used throughout the country, complies with Rule 8 (a) of FRCP, Defendants filed a meritless Motion to Dismiss . . . wasting this Court's limited time and resources." (DE 18 at 1-2). However, plaintiff does not address directly the impact of Iqbal and Twombly on the Fourth Circuit's holdings in Rivendell Woods and Virginia Baptist Hospital, does not address the Fourth Circuit direction in Hall at all, and admittedly has in plaintiff's possession the necessary facts that would provide "some factual context that will 'nudge' [plaintiff's] claim 'from conceivable to plausible.'" Hall, 846 F.3d at 777 (citation omitted and emphasis added).

Very few courts in this district have addressed the sufficiency of a complaint alleging FLSA violations following Iqbal and Twombly and Hall, and the few to do so, including this court, have followed Hall, not Rivendell Woods. See Williams v. Imeni, No. 5:16-CV-516-FL, 2017 WL 2266849, at *3 (E.D.N.C. May 23, 2017) (holding complaint alleging FLSA minimum wage claim sufficient under Hall where complaint alleged "for a particular period, defendants failed to adequately compensate them for all hours worked, including time plaintiffs were required to attend training sessions" and where plaintiffs asserted that "on average, defendants failed to compensate for two to seven hours each pay period" and "that defendants failed to compensate them for hours they were required to attend training sessions"); Spencer, 2018 WL 3676990, at *4 (holding complaint alleging FLSA violation failed to state a claim, comparing allegations to those found in

Hall).[2]

Finally, the court's holding is consistent with the holdings of other circuit courts. See Pruell, 678 F.3d at 13–15 (finding complaint insufficient where plaintiffs alleged "[i]n a nutshell . . . [that plaintiffs] regularly worked through their lunch breaks but that the computer system tracking time for compensation automatically deducted a half hour for lunch"); Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) ("we find no plausible claim that FLSA was violated, because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours"); Davis, 765 F.3d at 241–42 (agreeing with Second Circuit's analysis in Lundy); Landers, 771 F.3d at 644–45 (expressly adopting rationale of Pruell, Lundy, and Davis); but see Sec'y of Labor v. Labbe, 319 F. App'x 761 (11th Cir. 2008) (holding plaintiff Secretary of Labor's complaint "plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA," citing Rivendell Woods and Twombly).

Plaintiff argues that "nowhere in the [Lundy] decision does the First Circuit require FLSA complainants to identify particular week or weeks for which they were not compensated" and "[r]egardless, the Secretary has specified in his Complaint that Defendants have violated the FLSA's recordkeeping and minimum wage requirements since July 18, 2015." (DE 18 at 9). Indeed such a requirement would be inconsistent with the Fourth Circuit's direction in Hall, stating "we emphasize that the standard we today adopt does not require plaintiffs to identify a particular week in which they worked uncompensated overtime hours." 846 F.3d at 777. However, as further stated

---

[2] In McBarron Hall v. Am. Mech. Servs. of Maryland, LLC, No. 1:16CV1404 (JCC/TCB), 2017 WL 372422, at *2-3 (E.D. Va. Jan. 26, 2017), the court held, citing Rivendell Woods, plaintiff's complaint "includes factual allegations with regards to each element of a properly pled FLSA claim." However, the court notes this case was issued one day after the Fourth Circuit's decision in Hall.

9

by the Fourth Circuit, notwithstanding, and consistent with Lundy, a plaintiff "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Id. (citation omitted). Here, plaintiff alleges only that at some point since July 18, 2015, defendants "repeatedly and willfully" failed to pay employees, "the applicable minimum hourly rate." (Compl. (DE 3) at 2-3). Such allegations are insufficient.

Plaintiff additionally argues that the Second Circuit's holding in Pruell is also distinguishable in that Pruell concerned "preliminary and postliminary work" not at issue here. Although true, the court finds Pruell instructive where the court notes that "even the amended complaint does not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff," as plaintiff has also failed to do so here. 678 F.3d at 14; see also id. ("As defendants are quick to point out, similar complaints have been filed around the country in hospital compensation cases using boilerplate complaints of this character . . . . Class actions are useful to remedy widespread wrongs, but such lawsuits still require at the outset a viable named plaintiff with a plausible claim. In that respect, this complaint even as amended is deficient although not by a large margin.").

Plaintiff additionally points to the following as stated by the Second Circuit in Pruell, where the court remanded to allow plaintiff "to file a sufficient complaint":

> While specifics as to the named plaintiffs here are lacking, some of the information needed may be in the control of defendants. Plaintiffs certainly know what sort of work they performed and presumably know how much they were paid as wages; but precisely how their pay was computed and based upon what specific number of hours for particular time periods may depend on records they do not have. Complaints cannot be based on generalities, but some latitude has to be allowed where a claim looks plausible based on what is known.

Id. at 15.

Plaintiff argues, like in Pruell:

> here, the Secretary knows how much these workers were paid but why they were paid that amount and how Defendants determined to pay that amount is all information in Defendants possession at this time. In addition, while Defendants have not maintained required records with respect to the helpers, the Secretary does not know what other records might be in Defendants possession, including but not limited to emails and text messages where Defendants communicated to the workers about schedules, hours, and terms of employment. These records will further determine the time period of employment of the workers in question as well as the back wages owed.

(DE 18 at 10).

Again, plaintiff need not plead all information in possession of either plaintiff or defendants but only sufficient information, as directed by the Fourth Circuit in Hall, such as the length and frequency of employees underpaid work to support a reasonable inference that the employees did not receive the applicable minimum hourly rate or estimates of the amount employees were underpaid, the amount of wages plaintiff believes employees are owed, or any other facts that will permit the court to find plausibility. See Hall, 846 F.3d at 777.[3]

Regarding Davis, plaintiff states only "this case is easily distinguishable because the Secretary is not making any allegations with respect to overtime compensation and meets the standard for this circuit in pleading a minimum wage violation." (DE 18 at 11-12). The court has already rejected this argument, finding cases concerning overtime compensation relevant to the present inquiry and finding Hall to be the current standard for this circuit for pleading a FSLA violation. Additionally, plaintiff's argument regarding Davis is inconsistent with plaintiff's reliance

---

[3] Defendants further argue that the complaint fails to allege defendants "had actual or constructive knowledge of the identities of the purported employees" or "the alleged employees' work." (See DE 14 at 7-8). Defendants have not cited, however, nor is the court aware of, binding precedent holding plaintiff is required to so allege to state a minimum wage claim under FLSA.

on <u>Rivendell Woods,</u> also a FLSA overtime violation case.[4]

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss for failure to state a claim. (DE 15). Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Because the deficiencies in plaintiff's complaint may be curable by amendment, the court grants plaintiff leave to file an amended complaint within **21 days** of the date of this order. In the event no amended complaint is filed by that time, the clerk is DIRECTED to enter final judgment closing this case, and dismissing the action with prejudice, based upon the decision herein.

SO ORDERED, this the 3rd day of May, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[4] Given the court's holding above, it is unnecessary to address at this time defendants' alternative argument that the court should bar plaintiff's claims that predate September 12, 2016. (<u>See</u> DE 14 at 8).