IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-444-FL

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| ARARAT IMPORT & EXPORT CO., LLC and HEATHER EBERHARDT, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court upon defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (DE 23). The issues raised have been fully briefed, and in this posture, are ripe for ruling. For the following reasons, the court denies defendants' motion.

**STATEMENT OF THE CASE**

Plaintiff initiated this action on September 12, 2018, claiming defendants repeatedly and willfully violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), by failing to pay the applicable minimum hourly rate to their employees ("minimum wage claim") and failing to properly maintain employee records ("record-keeping claim"). In appendix to complaint, plaintiff names six of defendants' employees who are allegedly due an award of back wages and

liquidated damages. Additionally, plaintiff seeks injunction prohibiting defendants from violating certain enumerated sections of FLSA.

Defendants filed their first motion to dismiss for failure to state a claim and for judgment on the pleadings on November 20, 2018, attaching the parties' tolling agreement as an exhibit. The court granted defendants' motion, dismissing plaintiff's claims without prejudice because plaintiff failed to plausibly allege defendants paid their employees less than the applicable minimum hourly rate. With leave of court, plaintiff filed an amended complaint. Thereafter, defendants filed the instant second motion to dismiss and motion for judgment on the pleadings, arguing that plaintiff failed to correct the deficiencies that warranted dismissal of his original complaint. In the alternative, defendants argue plaintiff's claims predating September 12, 2016, should be barred, on grounds that plaintiff materially breached the parties' tolling agreement and failed to allege the requisite facts for a three-year, instead of the presumptive two-year, statute of limitations to apply.

**STATEMENT OF FACTS**

The facts alleged in plaintiff's amended complaint may be summarized as follows.

A.  Alleged FLSA Violations

Defendant Ararat Import and Export Company, LLC ("Ararat"), a company engaged in the import and export of international wine and beer, does business in Raleigh, North Carolina. Defendant Heather Eberhart ("Eberhardt"), part-owner of defendant Ararat, is involved in defendant Ararat's day-to-day operations and makes decisions regarding employees' pay. Defendant Eberhardt is an employer, and defendants constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

Plaintiff alleges defendants repeatedly and willfully violated FLSA by failing to pay

2

employees, including those classified as helpers and drivers, the applicable minimum hourly rate. Specifically, plaintiff alleges between July 18, 2015, and July 15, 2017, and in other workweeks thereafter, defendants' "helpers" were paid $25.00 for working 12 hours a day, causing them to receive less than minimum wage for each hour worked during a workweek. (Am. Compl. (DE 20) at 3).[1] Additionally, plaintiff alleges defendant provided loans to employees and deducted the amount of those loans from employees' pay, causing their hourly rates to fall below minimum wage.

Plaintiff also claims defendants repeatedly and willfully violated FLSA by failing to make, keep, and preserve adequate and accurate records of the persons employed as drivers and helpers, including the hours and other conditions and practices of employment maintained by defendants.

B.  Tolling Agreement

The parties entered into a tolling agreement whereby they agreed the applicable statute of limitations would be tolled in this matter beginning on the date the tolling agreement was signed and that the "tolling agreement was signed by both parties on January 19, 2018 and January 23, 2018." (Am. Compl. (DE 20) at 3-4). Moreover, plaintiff claims the effective date for the tolling agreement is December 21, 2017, and the tolling agreement expired on April 16, 2018, causing the statute to be tolled for that period of time. As applicable here, the tolling agreement provides as follows:

> Upon expiration of the Tolling Period for any reason, the Parties agree that prior to the Secretary instituting any legal proceeding against the Employer arising from the Claims, the Secretary will provide the Employer with 30 days' written notice of the Secretary's intent to institute such proceedings.

(DE 15-1 at 3).[2]

---

[1]  Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.
[2]  When ruling on motion to dismiss, the court "may consider documents attached to the complaint . . . as well

# DISCUSSION

A.   Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[3] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

   1.   Sufficiency of Allegations in Amended Complaint

The FLSA provides "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . not less than— . . . $7.25 an hour." 29 U.S.C. § 206(a)(1)(c). It also requires employers to keep records of the "wages, hours, and other conditions and practices of employment" of their employees. Id. § 211(c). Defendants argue plaintiff fails to allege facts sufficient to state a claim for relief under FLSA.

---

as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Phillips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

[3]   "A motion for judgment on the pleadings is evaluated on the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Burbach Broad Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002).

In its order dismissing plaintiff's previous complaint, this court noted the United States Court of Appeals for the Fourth Circuit addressed the pleading standards sufficient to state a claim under FLSA, in the context of an overtime claim, in Hall v. DIRECTV, LLC, 846 F.3d 757 (4th Cir. 2017). In Hall, the Fourth Circuit pronounced:

> [T]o make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours. Under this standard, plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay.
>
> At the same time, however, we emphasize that the standard we today adopt does not require plaintiffs to identify a particular week in which they worked uncompensated overtime hours . . . Thus, to state a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week. A plaintiff may meet this initial standard by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.

846 F.3d at 776-77 (internal quotations and citations omitted) (emphasis in original); see also Hirst v. Skywest, Inc., 910 F.3d 961, 966 (7th Cir. 2018) ("The same principles for pleading overtime pay violations apply to minimum wage violations. In order to comply with the requirements of Twombly, Iqbal, and Fed. R. Civ. P. 8(a)(2), a plaintiff alleging a federal minimum wage violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid.").

Here, in amended complaint, plaintiff alleges from July 18, 2015, until at least July 15, 2017, and during some weeks thereafter:

> [defendants'] helpers were paid $25 a day for all hours worked in a day, which was often 12 hours a day. This pay practice resulted in workers being paid less than the required minimum wage for each hour worked during a workweek. Employees were also provided loans by Defendants and these amounts were later deducted

5

from their pay resulting in their hourly rates falling below the required minimum wage.

(Am. Compl. (DE 20) at 3). This factual recitation, while limited, provides a plausible basis to infer defendants' employees were paid less than minimum wage between July 2015 to July 2017. As such, plaintiff's allegations satisfy the pleading standards set forth in Hall.

Defendants suggest the amended complaint does not cure the original complaint's deficiencies. However, the amended complaint now provides facts of "$25.00 a day" for work at an amount of "12 hours a day." (Am. Compl. (DE 20) at 3). This cures the deficiency noted in the court's prior order that plaintiff did not "estimate the amount employees were underpaid" and did not offer "any other fact that will permit the court to find plausibility." (DE 19 at 6).

Defendants further argue that plaintiff's amended complaint fails to allege defendants "had actual or constructive knowledge of the identities of the purported employees." (See DE 25 at 11-14). However, the cases cited by defendants do not address pleading standards. See e.g., Pforr v. Food Lion Inc., 851, F.2d 106 (4th Cir. 1988) (addressing whether plaintiff proved employer's knowledge at trial); Alston v. DIRECTV, Inc., 254 F. Supp. 3d 765, 773 (D.S.C. 2017) (addressing whether plaintiff raised a genuine dispute of material fact regarding employer's knowledge at summary judgment). Since defendants have not cited, nor is the court aware of, binding precedent requiring plaintiff to allege employer's knowledge in order to state a minimum wage claim under the FLSA, defendants' motion to dismiss is denied.

    2.    Claims Predating September 12, 2016

As an alternative basis for dismissal, defendants argue that part of plaintiff's claims, specifically those predating September 12, 2016, are time barred on two grounds. First, defendants argue the amended complaint fails to allege any facts to support a finding of "willfulness," such that a two-year, not three-year, statute of limitations applies to plaintiff's claims. (DE 25 at 14-

6

16); see also 29 U.S.C § 255(a) (providing a two-year statute of limitations applicable to FLSA claims "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"). Next, defendants argue plaintiff materially breached the parties' tolling agreement by failing to provide 30-days prior written notice to defendants of its intent to initiate legal proceedings, such that no tolling occurred.

According to the Fourth Circuit, "a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, and the burden of establishing the affirmative defense rests on defendant." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). As a result, "a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Id. However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). Id. Importantly, "this principle only applies, however, if all facts necessary to the affirmative defense clearly appear on the face of the complaint." Id. (internal quotations omitted) (emphasis in original).

Where all facts necessary to defendants' affirmative defense do not clearly appear on the face of plaintiff's amended complaint, the court defers ruling upon defendants' statute of limitations defense until the development of a more complete record.

## CONCLUSION

Based on the foregoing, the court DENIES defendants' motion to dismiss and for judgment on the pleadings (DE 23).

SO ORDERED, this the 26th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge